UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO. 1:12-CV-00999

| | |
|---|---|
| JAMIE COOK,<br><br>    Plaintiff,<br><br>v.<br><br>TRS RECOVERY SERVICES, INC. and TELECHECK SERVICES, INC.,<br><br>    Defendants. | **DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STRIKE DECLARATIONS OF PROOF OF SERVICE** |

TRS Recovery Services, Inc. and Telecheck Services, Inc. (together, "Defendants"), by their undersigned counsel, pursuant to Rule 7.3(a) of the Rules of Practice and Procedure of this Court, submit this Brief in Support of their Motion to Strike Plaintiff's Amended Complaint under Rule 12(f) of the Federal Rules of Civil Procedure.

## SUMMARY OF THE FACTS

Plaintiff Jamie Cook ("Plaintiff") filed her Complaint against Defendants on September 5, 2012, to recover from Defendants based on their alleged attempts to collect a debt. (Docket Entry 1.) The Complaint is related to lawsuits filed in other jurisdictions, with the original case pending in the United States District Court for the District of Maine. Counsel for the parties reached an agreement that in subsequently filed actions, including this case, the proofs of service would not be filed, and Defendants

would accept Plaintiff's waiver of service forms. (Ex. A, Correspondence dated September 17, 2012, 11:37 a.m.)

Accordingly, Defendants waived service of the summons and, through counsel, completed AOC Form 399, "Waiver of the Service of Summons" ("Waivers") for both Defendants. (Ex. B, Waivers.) Defendants transmitted the Waivers to counsel for Plaintiff. (*See* Ex. C, Correspondence dated September 17, 2012, 1:56 p.m.) As referenced in the Waivers, Defendants identified September 12, 2012 as the date when the request to waive service of a summons was received. (Ex. B.) The Waivers expressly recognize that Defendants have 60 days from September 12, 2012 to file and serve an answer or a motion under Rule 12. (*Id.*)

Nonetheless, on October 25, 2012, Plaintiff filed a "Declaration of Proof of Service" for each Defendant. (Docket Entries 5 and 6.) Plaintiff did not file the Proof of Service portion of the summonses issued by this Court. The two Declarations of Proof of Service identify that Defendants were served on September 10, 2012. The Declarations do not reference the Parties' agreement that the proofs of service would not be filed. (*See* Ex. A.)

Prior to filing this Motion to Strike, counsel for Defendants attempted to consult with counsel for Plaintiff to request that he withdraw the Declarations of Proof of Service, but as of this filing, Plaintiff has not withdrawn these documents.

## ARGUMENT

### THE DECLARATIONS OF PROOF OF SERVICE SHOULD BE STRICKEN BECAUSE DEFENDANTS PROMPTLY RETURNED TO PLAINTIFF'S COUNSEL WAIVERS OF THE SERVICE OF SUMMONS AND HAVE 60 DAYS TO PLEAD RESPONSIVELY TO PLAINTIFF'S COMPLAINT.

Rule 4 (d)(3) of the Federal Rules of Civil Procedure provides that a defendant who timely returns a waiver "need not serve an answer to the complaint until 60 days after the request was sent." Fed. R. Civ. P. 4 (2012).

Defendants waived service of the summons and provided Plaintiff's counsel with complete and proper documentation of the same. (*See* Ex. B.) Nonetheless, on October 25, 2012, Plaintiff's counsel filed a "Declaration of Proof of Service" with respect to each Defendant. The filing of these documents disregards the agreement of counsel not to file the proofs of service. Defendants timely provided Waivers to Plaintiff's counsel, and therefore, Rule 4(d)(3) of the Federal Rules of Civil Procedure allows 60 days for Defendants to file a responsive pleading.

The Declarations of Proof of Service should be stricken from the docket because Defendants have through and until November 9, 2012 to file a responsive pleading based on their timely provision of Waivers to Plaintiff's counsel.

## CONCLUSION

For the reasons set forth above, Defendants respectfully submit that Plaintiff's improperly filed Declarations of Service of Process should be stricken from the record of this case.

Respectfully submitted this the 1st day of November 2012.

**TRS RECOVERY SERVICES, INC. AND TELECHECK SERVICES, INC.,**

**By Spilman Thomas & Battle, PLLC**

*/s/ R. Scott Adams*
Jeffrey D. Patton (NC State Bar No. 21246)
R. Scott Adams (NC State Bar No. 36581)
110 Oakwood Drive, Suite 500
Winston-Salem, NC  27103
jpatton@spilmanlaw.com
sadams@spilmanlaw.com
Telephone: (336) 725-4710
Facsimile: (336) 725-4476

4

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO. 1:12-CV-00999**

| | |
|---|---|
| **JAMIE COOK,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**TRS RECOVERY SERVICES, INC. and TELECHECK SERVICES, INC.,**<br><br>    **Defendants.** | **CERTIFICATE OF SERVICE** |

    I hereby certify that I have this 1st day of November 2012 electronically filed the foregoing ***DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STRIKE DECLARATIONS OF PROOF OF SERVICE*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Leonard A. Bennett, Esq.<br>
Consumer Litigation Associates, P.C.<br>
763 Clyde Morris Blvd., Suite 1-A<br>
Newport News, Va. 23601<br>
lenbennett@clalegal.com

                                       */s/ R. Scott Adams*
                                       R. Scott Adams (N.C. State Bar No. 36581)