UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION No: 2:12-CV-00999-LPA

| | |
|---|---|
| JAMIE COOK, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>TRS RECOVERY SERVICES, INC. and TELECHECK SERVICES, INC.<br><br>Defendants. | **ANSWER OF DEFENDANTS TRS RECOVERY SERVICES, INC. AND TELECHECK SERVICES** |

Defendants, TRS Recovery Services, Inc. ("TRS") and TeleCheck Services, Inc. ("TeleCheck") (collectively "Defendants"), by and through their undersigned counsel, answer the Complaint filed by plaintiff Jamie Cook ("Plaintiff") as follows:

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim on which relief can be granted.

### SECOND DEFENSE

1. Defendants admit Plaintiff purports to sue under the statute enumerated and purports to bring this action as a class action but deny she is entitled to relief under that statute or to proceed by way of a class action and otherwise deny the allegations of Paragraph 1 of the Complaint.

2. Defendants admit the allegations of Paragraph 2 of the Complaint.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 4 of the Complaint and therefore deny the same.

5. Defendants deny that TRS's principal place of business is at 6200 South Quebec Street, Greenwood Village, CO 80111-4729 but otherwise admit the allegations of Paragraph 5 of the Complaint.

6. Defendants deny the allegations of Paragraph 6 of the Complaint.

7. Defendants deny the allegations of Paragraph 7 of the Complaint.

8. Defendants admit that TRS works to collect debts owed to others, that TeleCheck cooperates with TRS in its efforts to collect debts owed to TeleCheck, and that some communications with consumers will bear both companies' logos, but otherwise deny the allegations of Paragraph 8 of the Complaint.

9. Defendants admit that some communications with consumers will bear both TeleCheck and TRS logos, but otherwise deny the allegations of Paragraph 9 of the Complaint.

10. Defendants admit the allegations of Paragraph 10 of the Complaint.

11. Defendants admit that when a customer presents a check for payment at a TeleCheck merchant location and the merchant has contracted for the relevant service, the customer's check is scanned and the customer's routing information and account

2

Case 1:12-cv-00999-WO-LPA   Document 13   Filed 11/13/12   Page 2 of 11

number are transmitted to TeleCheck from the point of sale for purposes of analysis for check warranty and/or processing and otherwise deny the allegations of Paragraph 11 of the Complaint.

12. Defendants deny the allegations of Paragraph 12 of the Complaint.

13. Defendants deny the reference to "this decision" to the extent it refers to the allegations of Paragraph 12 of the Complaint but admit that TeleCheck bases its decision whether to warranty a check on a number of factors.

14. Defendants are without knowledge as to the basis for any merchant's decision to accept or reject a particular check but admit that TeleCheck's decision whether to accept potential warranty liability on a check is made without knowledge as to whether a check-writer has funds in his, her or its account.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants admit that on occasion and despite reasonable efforts to prevent them, bona fide errors may occur in Defendants' analysis of check acceptance and processing. Defendants deny the remaining allegations of Paragraph 16 of the Complaint.

17. Defendants admit that on occasion and despite reasonable efforts to prevent them, bona fide errors may occur in Defendants' analysis of check acceptance and processing, and otherwise deny the remaining allegations of Paragraph 17 of the Complaint.

18. Defendants admit there are shared employees who address some customer disputes, but the number of such employees varies, as does the number of disputes, over

time, and Defendants otherwise deny the allegations in Paragraph 18 of the Complaint.

19. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations regarding the sufficiency of funds at the time Plaintiff wrote her check and the purpose of her check and therefore deny those allegations. Defendants deny the remaining allegations of Paragraph 19 of the Complaint.

20. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 20 of the Complaint.

21. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 21 of the Complaint.

22. Defendants admit that the RECR3 letter is TRS's first communication with certain debtors when a check has been returned by the check-writer's bank with a bankable reason code and when the debtor's name and address are known and otherwise deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny that Paragraph 23 of the Complaint completely and accurately sets forth the contents of TRS's RECR3 letters and further state that the letters speak for themselves. Defendants deny the allegations of Paragraph 23 of the Complaint to the extent they are inconsistent with the contents of any RECR3 letter

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

25. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 25 of the Complaint, and therefore deny the same.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants are without knowledge of information sufficient to form a belief regarding the truth of the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, those conclusions are denied.

32. Paragraph 32 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, those conclusions are denied.

33. Paragraph 33 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, those conclusions are denied.

34. Defendants admit that Plaintiff purports to bring this action individually and as a class action, but deny that Plaintiff is entitled to do so. Defendants further deny that the putative class described in Paragraph 34 of the Complaint may be certified.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants admit that it can easily be determined that its RECR3 letters are

5

lawful communications and otherwise deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations of Paragraph 41 of the Complaint.

42. Defendants incorporate Paragraphs 1-41 of this Answer as though the same were set forth at length herein.

43. Paragraph 43 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendants admit that TRS is a debt collector and otherwise deny the allegations of Paragraph 43 of the Complaint.

44. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 44 of the Complaint and therefore deny the same.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Complaint.

47. Defendants deny the allegations of Paragraph 47 of the Complaint.

48. Defendants admit that Plaintiff demands trial by jury on issues so triable and deny Plaintiff is entitled to trial by jury on any issues not so triable.

### **THIRD DEFENSE**

Plaintiff's claims and the claims of putative class members are barred in whole or in part because they arise from a bona fide error that was unintentional and occurred notwithstanding maintenance of procedures reasonably adopted to avoid such error.

**FOURTH DEFENSE**

Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by waiver.

**FIFTH DEFENSE**

Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by estoppel.

**SIXTH DEFENSE**

Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by assumption of the risk.

**SEVENTH DEFENSE**

Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by payment.

**EIGHTH DEFENSE**

Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by failure to mitigate damages.

**NINTH DEFENSE**

Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by license.

**TENTH DEFENSE**

Plaintiff's claims and the claims of some or all putative class members are barred in whole or in part because they arise out of the errors or misconduct of persons not

subject to Defendants' control.

## ELEVENTH DEFENSE

Plaintiff's claims and/or the claims of some or all putative class members are barred in whole or in part by accord and satisfaction.

## TWELFTH DEFENSE

Plaintiff's damages and any damages for a putative class are limited by statute.

## THIRTEENTH DEFENSE

Plaintiff's claim and the claims of some or all putative class members is barred for failure to join all necessary parties.

## FOURTEENTH DEFENSE

Plaintiff's claims and/or the claims of some or all putative class members are barred in whole or in part by release.

## FIFTEENTH DEFENSE

The putative class alleged in the Complaint does not satisfy the requirements for class certification set forth in Fed. R. Civ. P. 23 and therefore may not be certified.

## SIXTEENTH DEFENSE

The claims of the Plaintiff and of some or all of the putative class members are barred, in whole or in part, by the statute of limitations.

## SEVENTEENTH DEFENSE

The claims of the Plaintiff and of some or all of the putative class members are barred, in whole or in part, by the doctrine of laches.

**EIGHTEENTH DEFENSE**

Plaintiff's claims and the claims of some or all putative class members are barred in whole or in part by setoff.

**NINETEENTH DEFENSE**

The claims of the Plaintiff and of some or all of the putative class members are barred because they lack standing

**TWENTIETH DEFENSE**

Plaintiff's claims and the claims of some or all putative class members are barred, in whole or in part, because Defendants and/or their assignors have complied with all relevant laws and regulations including, without limitation, the Electronic Funds Transfer Act, 15 U.S.C.§ 1693 et seq., and Regulation E, 12 C.F.R. § 201 et seq.

**TWENTY-FIRST DEFENSE**

Maintenance of this action as a class action would violate Defendants' rights to due process.

**TWENTY-SECOND DEFENSE**

Maintenance of this action as a class action would violate the Rules Enabling Act, 28 U.S.C. § 2072(b).

**TWENTY-THIRD DEFENSE**

Plaintiff's claims and the claims of some or all putative class members are barred by the doctrine of claim splitting.

WHEREFORE, Defendants respectfully request that Plaintiff's claims be denied, that the Complaint filed against them be dismissed with prejudice, and that they be awarded such other and further relief as the Court deems just and proper.

This the 13th day of November 2012.

**TRS RECOVERY SERVICES, INC. and TELECHECK SERVICES, INC.,**

**By Spilman Thomas & Battle, PLLC**

*/s/ R. Scott Adams*
Jeffrey D. Patton (N.C. State Bar No. 21246)
R. Scott Adams (N.C. State Bar No. 36581)
110 Oakwood Drive, Suite 500
Winston-Salem, NC 27103
Telephone: (336) 725-4710
Facsimile: (336) 725-4476
jpatton@spilmanlaw.com
sadams@spilmanlaw.com

and

Donald R. Frederico *(Special appearance forthcoming)*
Clifford H. Ruprecht *(Special appearance forthcoming)*
PIERCE ATWOOD LLP
100 Summer Street, Suite 2250
Boston, MA 02110
Telephone: (617) 488-8100
dfrederico@pierceatwood.com
cruprecht@pierceatwood.com

10

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO. 1:12-CV-00999**

| | |
|---|---|
| **JAMIE COOK,**<br><br>  **Plaintiff,**<br><br>v.<br><br>**TRS RECOVERY SERVICES, INC. and TELECHECK SERVICES, INC.,**<br><br>  **Defendants.** | **CERTIFICATE OF SERVICE** |

I hereby certify that I have this 13th day of November 2012 electronically filed the foregoing ***ANSWER OF DEFENDANTS TRS RECOVERY SERVICES, INC. AND TELECHECK SERVICES*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
763 Clyde Morris Blvd., Suite 1-A
Newport News, Va. 23601
lenbennett@clalegal.com

  */s/ R. Scott Adams*
  R. Scott Adams (N.C. State Bar No. 36581)