# EXHIBIT A

BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE:  TRS Recovery Services, Inc. | ) | |
| and TeleCheck Services, Inc. Fair Debt | ) | MDL Docket No. _____ |
| Collection Practices Litigation | ) | |
|  | ) | |

PLAINTIFFS' MOTION TO TRANSFER ACTIONS
TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE
PURSUANT TO 28 U.S.C. § 1407

Plaintiffs Jean LaRocque (*LaRocque  v. TRS Recovery Services, Inc. et al.,* 2:11-cv-

00091-DBH (D. Me.)); Joann Bucko (*Bucko v. TRS Recovery Services, Inc. et al.*, 1:12-cv-

06607-PGG (S.D.N.Y.)); Jamie Cook (*Cook  v. TRS Recovery Services, Inc. et al.*, No. 1:12-cv-

00999 (M.D.N.C.)); Sylvia Greer (*Greer v. TRS Recovery Services, Inc. et al.*, CV 12- 07414

PSG (C.D. Cal.)); and Dellarina Stout (*Stout v. TRS Recovery Services, Inc. et al.,*  2:12-cv-

02561-RDR (D. Kan.)) (collectively "Movants" and "the Actions"), respectfully move pursuant

to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, for an order to transfer and consolidate the actions in the District of Maine.

In support, Movants summarize the common questions of fact, the similarity of the

claims and how centralization will promote "convenience of parties and witness" and "the just

and efficient conduct of such actions" as follows:

1.      Each of the Actions is a civil action pending in federal court against Defendants TRS Recovery Services, Inc. and TeleCheck Services, Inc., for standardized and allegedly unlawful debt collection practices.

2.      The accompanying Schedule of Actions, attached as Exhibit 1, lists the five Actions subject to this Motion consisting of one action each in the federal district courts in Maine, California, Kansas, North Carolina and New York.

3.      The Actions involve common, substantially similar or identical questions of fact and issues of law as required by 28 U.S.C. § 1407(a). The Actions are based on similar allegations seeking to hold the same two Defendants liable for damages sustained by consumers for allegedly unlawful debt collection practices claims arising out of standardized debt collection practices including the use of template debt collection form letters.

4.      Coordination or consolidation in a single forum of the Actions plus all related cases that may be filed will significantly advance the just and efficient conduct of the litigation as well as the convenience of the parties and witnesses. Coordination or consolidation will:

a.      eliminate duplicative discovery;

b.      prevent inconsistent or conflicting pretrial rulings, conserve the resources of the parties and the judiciary, reduce the cost of litigation; and

c.      allow the Actions to proceed more efficiently to trial.

5.      The District of District of Maine is the most suitable transferee forum because:

a.      The first Action has been pending before Judge D. Brock Hornby in that Court since March 11, 2011;

2

       b.      Judge Hornby has exercised jurisdiction over Defendants, overseen class

certification discovery and ruled on a motion for class certification; and

       c.      Judge Hornby is already well familiar with the legal and factual issues,

arising from the claims.

6.     In short, the requirements for transfer and consolidation or coordination are fully

satisfied. For the foregoing reasons, and those more fully set forth in the accompanying Brief in

Support of Plaintiffs' Motion to Transfer Actions to the United States District Court for the

District of Maine Pursuant to 28 U.S.C. § 1407, the coordination or consolidation of these

actions would further "the convenience of the parties, non-parties and witnesses and would

promote the just and efficient conduct of the actions." 28 U.S.C. 1407(a).

Counsel for all the parties in the *LaRocque* case have conferred discussed coordination

and consolidation. At the time of filing, Defendants had taken no position on this motion.

WHEREFORE Movants respectfully move the Panel to order that the Actions currently

pending in any federal court outside the District of Maine, as well as any cases that may be

subsequently filed asserting related or similar claims, be transferred to the District of Maine for

coordinated or consolidated pretrial proceedings before the Honorable D. Brock Hornby.

Dated: December 4, 2012               Respectfully submitted:


 /s/ Lewis J. Saul
Lewis J. Saul, Esq.
Jon Hinck, Esq.
Kevin M. Fitzgerald, Esq.
LEWIS SAUL & ASSOCIATES, P.C.
183 Middle Street, Suite 200
Portland, Maine 04101
Phone: (207) 874-7407
Facsimile: (207) 874-4930

Email: lsaul@lewissaul.com;
jhinck@lewissaul.com;
kfitzgerald@lewissaul.com

Attorneys for Movant, Plaintiff & Class
in *LaRocque v. TRS Recovery Services,
Inc. et al.*,; Plaintiff & Class in *Bucko v. TRS
Recovery Services, Inc. et al.*; Plaintiff &
Class in *Cook v. TRS Recovery Services,
Inc. et al.*

Jim Francis, Esq.
John Soumilas, Esq
David A. Searles, Esq.
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Phone: (215) 735-8600
Facsimile: (215) 940-8000
Email: jfrancis@consumerlawfirm.com
         jsoumilas @consumerlawfirm.com

Attorneys for Movant, Plaintiff & Class
in *LaRocque v. TRS Recovery Services,
Inc. et al.*,; Plaintiff & Class in *Bucko v. TRS
Recovery Services, Inc. et al.*; Plaintiff &
Class in *Cook v. TRS Recovery Services,
Inc. et al.*; Plaintiff & Class in *Greer v. TRS
Recovery Services, Inc. et al.*,; and
Plaintiff & Class in *Stout v. TRS Recovery
Services, Inc. et al.*

**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

|  |  |  |
|---|---|---|
| | ) | |
| **IN RE:  TRS Recovery Services, Inc.** | ) | |
| **and TeleCheck Services, Inc. Fair Debt** | ) | **MDL Docket No. _____** |
| **Collection Practices Litigation** | ) | |
| | ) | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO TRANSFER ACTIONS TO THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE
PURSUANT TO 28 U.S.C. § 1407**

Plaintiff Jean LaRocque, in the action styled *LaRocque v. TRS Recovery Services, Inc. et*

*al.,* 2:11-cv-00091-DBH (D. Me.), along with Plaintiffs in four other actions pending in federal

courts[1] (hereinafter "Movants" and "the Actions"), respectfully submits this Brief in Support of

Plaintiffs' Motion to Transfer Actions to the United States District Court for the District of

Maine Pursuant, pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the

Judicial Panel on Multidistrict Litigation.

The five pending actions in different federal jurisdictions involve a common set of claims

against the same two defendant companies, giving rise to common factual and legal issues.

---

[1] Plaintiffs/Movants are: Jean LaRocque (*LaRocque et al. v. TRS Recovery Services, Inc. et al.,*
2:11-cv-00091-DBH (D. Me.)); Joann Bucko (*Bucko v. TRS Recovery Services, Inc. et al.,* 1:12-
cv-06607-PGG (S.D.N.Y.)); Jamie Cook (*Cook v. TRS Recovery Services, Inc. et al.,* No. 1:12-
cv-00999  (M.D.N.C.)) ; Sylvia Greer (*Greer v. TRS Recovery Services, Inc. et al.,* CV 12-
07414 PSG (C.D. Cal.)); and Dellarina Stout (*Stout v. TRS Recovery Services, Inc. et al.,* 2:12-
cv-02561-RDR  (D. Kan.))

Movants seek an order transferring for coordination or consolidation for pretrial purposes these and any related cases that may subsequently be filed. Movants specifically urge the Panel to centralize the cases before the Honorable D. Brock Hornby of the District of Maine, an experienced jurist in a convenient forum, who has presided justly and efficiently for a year and a half over the *LaRocque* case, the first filed of the Actions.

## I.    FACTUAL BASIS OF THE LITIGATION

The Actions are all substantially similar involving a core set of common allegations. Individual and representative Plaintiffs filed each of the five actions on behalf of a class of residents in their respective states. Each case alleges violations of the Federal Debt Collection Practices Act (FDCPA), § 1692 et seq. and arise from common conduct in debt collection practices including standardized and uniform collection letters.

The two Defendants in each of the five pending cases, TRS Recovery Services, Inc. and TeleCheck Services, Inc., are consumer debt collectors who contract with national retail merchants to provide check verification and processing services. *See generally LaRocque v. TRS Recovery Services, Inc.,* No. 2:11–cv–91–DBH, 2012 WL 2921191 *1 (D.Me. July 17, 2012) (decision granting motion for class certification). Plaintiffs are retail customers and check writers who all allege violations of the Federal Debt Collection Practices Act (FDCPA), § 1692 et seq.

As part of their commercial services, Defendants[2] advise merchants whether to accept a check. For each transaction, the merchant contractually assigns to Defendants its rights against the check writer. Defendants claim and exercise a prerogative to charge a fee for checks that are

---

[2] Because it is immaterial for the Panel's decision here, the respective roles and actions of the two affiliated Defendants are not separately delineated.

purportedly returned unpaid which they collect by demand draft drawn from the customers account. Defendants send those check writers a collection letter called a "RECR3" letter.

All Plaintiffs in the Actions presented a check for payment at a merchant location and became subject to Defendants' standardized process for debt collection. All Plaintiffs received from Defendants a "RECR3" letter. Plaintiffs allege that both the "RECR3" letters and Defendants' procedures when creating a paper draft and submitting it to Plaintiffs' banks for self-help collections violate the FDCPA.

Defendants have handled many hundreds of thousands of check transactions, including transactions in all fifty states, using standardized procedures during the time period covered by these cases.

## II.   ARGUMENT

This Panel is authorized under 28 U.S.C. § 1407(a) to transfer civil actions pending in more than one federal district and "involving one or more common questions of fact" to a single district for "coordinated or consolidated pretrial proceedings." The decision to transfer requires a determination that transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." The statutory objectives are served if transfer would "eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." Manual for Complex Litigation, Fourth § 20.131 (2012). The Actions subject to the Motion meet all of the JPML requirements for transfer.

### A.   Common Questions of Fact Are Present

The litmus test of transferability and coordination under § 1407 is the presence of common questions of fact. *In re Fed. Election Campaign Act Litig.*, 511 F. Supp. 821, 823

3

(J.P.M.L. 1979). The threshold requirement that there be one or more questions of fact common to the cases for which MDL treatment is sought is plainly met here. The Actions all name the same two defendant companies. The claims in the Actions all arise out of rigidly standardized, substantially identical debt collection procedures and related form communications allegedly in violation of the FDCPA.

Among the numerous common questions of fact and law in the related actions are:

1. Whether Defendants were negligent in setting procedures for determining which transactions should be subject to debt collection;

2. Whether Defendants were negligent in setting the timing for each of the steps in their debt collection procedures;

3. Whether Defendants' standardized RECR3 collection letter is misleading in violation of fair debt collection practices law;

4. Whether Defendants procedures for creating a paper draft and submitting it to consumers' bank and using self-help to take sums they designate as "outstanding" violates the FDCPA;

5. Whether Defendants standardized communications with consumers and related debt collection activities violate the FDCPA by "overshadowing" consumers' rights to dispute debt; and

6. Whether plaintiffs and putative class members have been damaged and, if so, what is the appropriate measure of relief as to each member of the class, including whether statutory damages are proper.

The court in the District of Maine has already found that facts pled in the first filed case meet the Fed. R. Civ. P. 23 ("Rule 23") commonality requirement for certification of three

4

classes that together have thousands of class members. *LaRocque*, 2012 WL 2921191 at *2–*4.

The same factors figuring in the Court's Rule 23 commonality analysis readily apply to what is

required to meet the "common questions" requirement for MDL treatment here. Each of the

other pending cases is also a putative class action presenting substantially the same factual

predicate and other factors relevant to both class certification and MDL treatment. *See In re*

*Temporomandibular Joint Prods. Liab. Litig.*, 844 F . Supp. 1553, 1554 (J.P.M.L. 1994)

(holding centralization necessary, especially with regard to class certification issues.)

In short, transfer for consolidation and coordination is proper because each of these

Actions arise out of the same or similar nucleus of operative facts, arise out of the same conduct

and will involve the resolution of the same or similar questions of fact and law.

B.   MDL Treatment Will Further the Convenience of the Parties and Witnesses and
Promote Just and Efficient Conduct of the Litigation

This litigation presently comprises one certified and four putative class actions in five

different federal courts.  Placing all actions before a single judge ensures that pretrial

proceedings will be conducted in a streamlined manner leading to the just and expeditious

resolution of all actions to the benefit of the parties and the judiciary. *See In re H & R Block*

*Mortgage Corp. Prescreening Litigation*, 435 F.Supp.2d 1347, 1349 2006 WL 1737530

(J.P.M.L., June 20, 2006).  Benefits of a coordinated pretrial proceeding include consistent

rulings and the minimization of the inconvenience and expense of repetitive activities and

duplicative discovery.

Since each of these cases arises from common facts and involves the same claims,

Plaintiffs in all actions will seek identical discovery from the same parties and, no doubt, will

rely on many of the same fact witnesses and expert witnesses, for example, to opine on the debt

collection practices.

5

The Panel consistently recognizes that actions asserting the same basic claims arising from the same allegedly actionable conduct are particularly well suited for coordination or consolidation pursuant to 28 U.S.C. § 1407(a). Thus, transfer of cases brought under the FDCPA and similar statutes is well established. *See In re: Portfolio Recovery Assoc., LLC, Tel. Consumer Prot. Act. Litig.*, MDL No. 2295, 2011 U.S. Dist. LEXIS 147847 (J.P.M.L. 2011). (actions over debt collection calls allegedly in violation of the federal Telephone Consumer Protection Act (TCPA) and the FDCPA[3]); *In re H & R Block Mortgage Corp. Prescreening Litigation*, 435 F.Supp.2d 1347, 2006 WL 1737530 (J.P.M.L. 2006) (actions over the use of consumer reports for mailing of prescreened offers of credit for home loans allegedly in violation of the FDCPA); *In re Ocwen Fed. Bank FSB Mortgage Servicing Litig.*, 314 F.Supp.2d 1376, MDL No. 1604 (J.P.M.L. 2004) (actions alleging that loan agreements were breached by *inter alia* ignoring grace periods, misapplying and failing to apply loan payments and improperly charging late fees in violation of the FDCPA and other federal and state consumer protection laws).

Here, as in the cases cited, a single centralized and coordinated pretrial proceeding would insure greater fairness and conserve the parties' and judicial resources.

C.   Relevant Factors Compel Transfer to the District of Maine as the Proper Forum for Coordinated Pretrial Proceedings

The District of Maine is the most appropriate forum. Leading factors for choice of transferee court include where a case: 1) has been pending longer; 2) is further advanced procedurally; and 3) is presided over by a judge who has gained familiarity with the issues involved and has the resources and experience to effectively manage the case. *In re Dollar*

---

[3] For discussion of cases transferred for consolidation in MDL No. 2295 involving alleged violations of the FDCPA See Transfer Orders dated Jun. 8, 2012 and Aug. 3, 2012).

6

*General Corp. Fair Labor Standards Act Litig.*, 346 F.Supp.2d 1368, 1370 (J.P.M.L. 2004). The District of Maine and presiding Judge, the Honorable D. Brock Hornby, plainly satisfy each these criteria.

The first of the Actions filed, the *LaRocque* case, has been pending in the District of Maine since March 11, 2011. The case has made steady progress. Judge Hornby has overseen significant pre-class certification discovery. As discussed above, Judge Hornby ruled earlier this year on class certification, granting in part and denying in part the motion. The case is moving forward toward trial. The Panel has long recognized the value of a Judge's familiarity with litigation as a result of presiding over pretrial proceedings, *See In re IBP Confidential Bus. Documents Litig.*, 491 F.Supp. 1359, 1362 (J.P.M.L.1980). *LaRocque*, a year and a half in, presents just such a case.

Section 1407's goal of just and expeditious resolution also favors "assignment to a distinguished jurist well versed in the intricacies of centralized pretrial proceedings." *In re Diet Drugs Prod. Liab. Litig.*, 990 F. Supp. 834, 836 (J.P.M.L. 1998). Here again, Judge Hornby, an experienced MDL judge, unquestionably matches the criteria. He is well versed in complex litigation generally. In addition, this Panel has repeatedly designated Judge Hornby to be an MDL transferee judge, most recently in *In re Hannaford Bros. Customer Data Security Breach Litig.* (MDL-1954) (J.P.M.L. 2008) and *In re New Motor Vehicles Canadian Export Antitrust Litig.* (MDL 1532). While serving as a transferee judge, Judge Hornby has distinguished himself in the effective management of multi-district litigation before him.[4] It also worth noting that the

---

[4] Judge Hornby's successful handling of complex multidistrict litigation has consistently drawn positive notice. *See e.g.*, Margaret M. Zwisler and Eric J. McCarthy, *Beheading the Hydra: Successful Management of Multidistrict Litigation*, The Antitrust Review of the Americas 2006 at 70 ("Perhaps the finest example to date of joint coordination between an MDL action and

District of Maine has consistently employed experienced and capable staff and law clerks who have effectively handled prior MDLs with great efficiency.

On balance, the District of Maine is better positioned than any other court to manage coordinated or consolidated pretrial proceedings in these cases.

## IV.   CONCLUSION

Each of the prerequisites for transfer under 28 U.S.C. § 1407(a) are met in this litigation: common issues of fact and law predominate; transfer and coordination are necessary to prevent duplicative pretrial proceedings and redundant discovery; and transfer would promote efficiency by conserving the resources of the parties, witnesses and the courts. For the foregoing reasons, Movants respectfully request that this Panel order that the related actions be centralized and transferred to the United States District Court for the District of Maine.

Dated: December 4, 2012                    Respectfully submitted:

                                            /s/ Lewis J. Saul
                                           Lewis J. Saul, Esq.
                                           Jon Hinck, Esq.
                                           Kevin M. Fitzgerald, Esq.
                                           LEWIS SAUL & ASSOCIATES, P.C.
                                           183 Middle Street, Suite 200
                                           Portland, Maine  04101
                                           Phone: (207) 874-7407
                                           Facsimile: (207) 874-4930
                                           Email: lsaul@lewissaul.com;
                                           jhinck@lewissaul.com;
                                           kfitzgerald@lewissaul.com

                                           Attorneys for Movant, Plaintiff & Class
                                           in *LaRocque  v. TRS Recovery Services,*

parallel state court proceedings is In re New Motor Vehicles Canadian Export Antitrust Litigation.")

8

*Inc. et al.*,; Plaintiff & Class in *Bucko v. TRS
Recovery Services, Inc. et al.*; Plaintiff &
Class in *Cook v. TRS Recovery Services,
Inc. et al.*

Jim Francis, Esq.
John Soumilas, Esq
David A. Searles, Esq.
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110
Phone: (215) 735-8600
Facsimile: (215) 940-8000
Email: jfrancis@consumerlawfirm.com
        jsoumilas @consumerlawfirm.com

Attorneys for Movant, Plaintiff & Class
in *LaRocque v. TRS Recovery Services,
Inc. et al.*,; Plaintiff & Class in *Bucko v. TRS
Recovery Services, Inc. et al.*; Plaintiff &
Class in *Cook v. TRS Recovery Services,
Inc. et al.*; Plaintiff & Class in *Greer v. TRS
Recovery Services, Inc. et al.*,; and
Plaintiff & Class in *Stout v. TRS Recovery
Services, Inc. et al.*

9

SET_FOR_HEARING

## United States Judicial Panel on Multidistrict Litigation
## CIVIL DOCKET FOR CASE #: MDL No. 2426

IN RE: TRS Recovery Services, Inc., and TeleCheck Services, Inc., Fair Debt   Date Filed: 12/04/2012
Collection Practices Act (FDCPA) Litigation
Assigned to: Not Assigned

**Plaintiff**

**Liaison Counsel for Plaintiffs**


V.

**Defendant**

**Liaison Counsel for Defendants**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/04/2012 | 1 | MOTION TO TRANSFER (INITIAL MOTION) with Brief in Support. -- 5 Action(s) -- from Maine District Court (2:11-cv-00091), New York Southern District Court (1:12-cv-06607), North Carolina Middle District Court (1:12-cv-00999), California Central District Court (2:12-cv-07414), Kansas District Court (2:12-cv-02561) - Suggested Transferee Court: D. Maine - Filed by: *Plaintiff Jean LaRocque, Plaintiff Joann Bucko, Plaintiff Jamie Cook, Plaintiff Sylvia Greer, Plaintiff Dellarina Stout* (Attachments: # 1 Brief, # 2 Schedule of Actions, # 3 Oral Argument Statement, # 4 Proof of Service, # 5 Complaint MED 2:11-00091, # 6 Complaint SDNY 1:12-06607, # 7 Complaint NCMD 1:12-00999, # 8 Complaint CACD 2:12-07414, # 9 Complaint KSD 2:12-02561)(Saul, Lewis) (Entered: 12/04/2012) |
| 12/05/2012 | 2 | MDL Number 2426 Assigned -- MOTION FOR TRANSFER ACCEPTED FOR FILING re: pldg. ( 1 in Pending No. 138) Associated Cases: Pending No. 138, CAC/2:12-cv-07414, KS/2:12-cv-02561, ME/2:11-cv-00091, NCM/1:12-cv-00999, NYS/1:12-cv-06607 (DP) (Entered: 12/05/2012) |
| 12/05/2012 | 3 | ***TEXT ONLY NOTICE*** <br><br> **NOTICE OF FILING AND PUBLICATION OF BRIEFING SCHEDULE** *re: pldg. ( 1 in MDL No. 2426)* <br><br> **BRIEFING SCHEDULE IS SET AS FOLLOWS:** <br> **Notices of Appearance due on or before 12/19/2012. Corporate Disclosure Statements due on or before 12/19/2012. Responses due on or before 12/26/2012.** <br><br> Appearance forms (JPML form 18) and Corporate Disclosure forms can be downloaded from our website. <br><br> Signed by Clerk of the Panel Jeffery N. Luthi, on 12/5/2012. <br><br> Associated Cases: MDL No. 2426, CAC/2:12-cv-07414, KS/2:12-cv-02561, ME/2:11-cv-00091, NCM/1:12-cv-00999, NYS/1:12-cv-06607 (DP) (Entered: 12/05/2012) |
| 12/13/2012 | 4 | HEARING ORDER re: pldg. ( 1 in MDL No. 2426) - SECTION A (DESIGNATED FOR ORAL ARGUMENT) <br><br> **PANEL HEARING set for 1/31/2013 in Orlando, Florida. Notices of Presentation or Waiver of Oral Argument due on or before 1/14/2013.** <br><br> Notice of Presentation or Waiver of Oral Argument form (JPML form 9) can be downloaded from our website. |

Case 1:12-cv-00999-UA-LPA   Document 19-1   Filed 12/13/12   Page 15 of 16

Signed by Judge John G. Heyburn II, Chairman, PANEL ON MULTIDISTRICT LITIGATION, on 12/13/2012.

(Attachments: # 1 Courthouse Advisory)

Associated Cases: MDL No. 2426, CAC/2:12-cv-07414, KS/2:12-cv-02561, ME/2:11-cv-00091, NCM/1:12-cv-00999, NYS/1:12-cv-06607 (RH) (Entered: 12/13/2012)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/13/2012 09:54:33 | | | |
| PACER Login: | fm0118 | Client Code: | LaRocque |
| Description: | Docket Report | Search Criteria: | MDL No. 2426 |
| Billable Pages: | 2 | Cost: | 0.20 |