UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO. 1:12-CV-00999

| | |
|---|---|
| JAMIE COOK,<br><br>　　Plaintiff,<br><br>v.<br><br>TRS RECOVERY SERVICES, INC. and TELECHECK SERVICES, INC.,<br><br>　　Defendants. | DEFENDANTS'<br>RULE 26(f) REPORT |

　　　　1.　　Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 16.1(b) of the Local Rules, a conference was held on November 28, 2012 ("Conference"), and was attended by James A. Francis and John Soumilas (Francis & Mailman, P.C.) for plaintiffs, and Donald R. Frederico and Clifford H. Ruprecht (Pierce Atwood, LLP) for defendants. During and following the Conference, counsel for Defendants circulated a proposed Joint Rule 26(f) Report memorializing the Parties' discussions and attempting to formulate a Joint Rule 26(f) Report. Rather than participate in this report, counsel for Plaintiff has filed a motion to postpone the initial pretrial conference. Defendant therefore submits this report on its own behalf.

　　　　Additionally, this matter is styled as a class action and contains allegations on behalf of a putative class. However, in contravention of Local Rule 23.1, Plaintiff has failed to timely file the necessary motion for a determination under Rule 23(c)(1) of the

Federal Rules of Civil Procedure as to whether the case may be maintained as a class action. Plaintiff likewise has not sought a continuance of this deadline.

2. <u>Background</u>: Plaintiff commenced this putative class action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff alleges that a form debt collection letter she received from defendants failed to comply with the requirements of the FDCPA. Plaintiff seeks statutory damages for this alleged violation. Plaintiff also seeks certification of a class of persons in the State of North Carolina who received the letter during the applicable statute of limitations period. Defendants deny that the form letter violates the FDCPA, and deny that class certification is appropriate.

This matter is one of five cases asserting essentially the same claims and pending in different judicial districts. In 2011, Plaintiff's counsel filed an action in the United States District Court for the District of Maine captioned *Jean LaRocque v. TRS Recovery Services, Inc. and Telecheck Services, Inc.,* No. 2:11-cv-91-DBH. After an initial phase of discovery, Plaintiff filed a motion for certification of four classes in *LaRocque*, which Defendants opposed. After briefing and hearing, on July 17, 2012, District Judge D. Brock Hornby issued a decision granting Plaintiff's request to certify three classes, and denying Plaintiff's request to certify the remaining class. The certified classes include an FDCPA class substantially identical to the class Plaintiff seeks to represent here, and asserting identical claims, except that it encompasses persons residing in Maine rather than North Carolina. Defendants have filed a motion asking that the Maine federal court define that class as nationwide, rather than state-wide, in scope, and a hearing on that

motion was held on December 10, 2012. The motion is under advisement. If the motion is granted, it will moot all of the class claims in this case.

Additionally, Plaintiffs have filed a motion with the Judicial Panel on Multidistrict Litigation to transfer those cases and this case to the District of Maine for consolidated pretrial proceedings. A hearing on that motion is scheduled for January 31, 2013.

    2.    <u>Discovery Plan</u>: The undersigned proposes that this matter should be stayed pending the resolution of the motion to transfer filed before the Multi-District Litigation Panel. *See* MDL No. 2426. If the matter is not stayed and if Plaintiff is permitted to late file her Local Rule 23.1 motion, the undersigned proposes to the Court the following discovery plan that bifurcates discovery related to class certification and merits issues:

The Parties will exchange the information and make available for inspection and copying the documents required by Fed. R. Civ. P. 26(a)(1) no later than January 31, 2012.

Discovery requests may be served commencing February 4, 2013.

Discovery will be pursued on the following subjects:

    (a)    Plaintiff's allegations as set forth in the Complaint;

    (b)    Plaintiff's alleged damages;

    (c)    Defendants' defenses asserted in their Answer

    (d)    Numerosity of Plaintiff's putative class, commonality of the claims between and among the class representative and across the putative

class, typicality of the named plaintiff's claims to the claims of the putative class, adequacy of representation, predominance of common over individual issues, and superiority of a class action over individual actions; and

    (d)    All other issues raised or to be raised by the pleadings in this action.

Discovery shall be placed on a case-management track established in L.R. 26.1. The undersigned states that the appropriate plan for this case (with any stipulated modification by the parties as set out below) is that designated in L.R. 26.1(a) as:

   \_\_\_\_\_  Standard

   \_\_\_\_\_  Complex

   \_\_X\_\_  Exceptional

The undersigned requests the exceptional track under L.R. 26.1(a) because of the nature of this case as a putative class action; the fact that there is a related action pending in another court, and there is a motion pending before that court which will or could affect the status of the case before this Court; and the fact that counsel for the parties will be litigating the same or similar issues before a number of different courts around the country.

The date for the completion of all fact discovery related to class certification shall be commenced or served in time to be completed by July 31, 2013. Reports from retained experts under Rule 26(a)(2) are due during the discovery period:

    (a) From the Plaintiff on or before August 31, 2013.

    (b) From the Defendant on or before September 30, 2013.

4

Supplementation under Rule 26(e) should be served upon the opposing parties within thirty (30) days after receipt of information from the producing party that requires such supplementation.

Electronic Discovery. The parties have discussed the need to preserve electronically stored information ("ESI") and will alert those persons most likely to have relevant information of the need to preserve it. The discovery of ESI shall proceed in accordance with the Federal Rules of Civil Procedure. Although the undersigned agrees to produce responsive documents in a hard copy or PDF format initially, such agreement is without prejudice to a party's right to seek native format documents and data for specified categories of production either initially or in a follow-up request. The undersigned proposes to meet and confer about additional electronic discovery parameters and to work in good faith to reach a resolution about the format of the production.

Privilege Log. The undersigned proposes that the parties log material withheld from discovery on the grounds that they are protected by one or more applicable privileges. The privilege log shall otherwise comply with the requirements of Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. The undersigned proposes that the privilege log need not include an identification of attorney-client or attorney work product protected materials generated on or after the date of the filing of the original, state court complaint in this action.

The undersigned proposes that the inadvertent production of attorney-client privileged materials, work product privileged materials, or trial preparation materials shall not constitute a waiver of those protections. In the event of the inadvertent production of such protected information, the parties will follow the procedure set out in Rule 26(b)(5)(B).

3. <u>Mediation</u>: Mediation should be conducted before the end of the discovery period, the exact date to be set by the mediator after consultation with the parties.

4. <u>Preliminary Deposition Schedule</u>: The undersigned proposes the following schedule for depositions:

(a) Depositions and third-party subpoenas related to class certification can be pursued beginning on February 4, 2013, and shall be scheduled, to the extent practicable, on dates mutually agreeable to the parties.

(b) Depositions of expert witnesses shall be taken during the thirty (30) day period following the submission of the expert reports.

(c) The undersigned proposes the following exceptions to the usual limitations imposed upon an exceptional track matter pursuant to Local Rule 26.1(a): (i) Plaintiff and Defendant may each take five (5) depositions, inclusive of experts; (ii) there shall be no limit imposed on the number of subpoenas served on third parties commanding only the production of documents, as opposed to requiring a witness to testify; and (iii) the Plaintiff and Defendant shall have the right to serve thirty-five (35) interrogatories on each other. The parties cannot exceed these limitations unless there is

written consent between the parties, or by order of the Court based upon a showing of good cause.

5. <u>Other Items</u>:

The parties should be allowed through December 31, 2012 to request leave to join additional parties or to amend pleadings. After this date, the Court will consider, *inter alia*, whether the granting of leave would delay the trial.

Defendants propose that Plaintiffs' motion for class certification shall be filed by October 31, 2013. Defendants' opposition to plaintiffs' motion for class certification shall be filed by December 31, 2013. Plaintiffs' reply brief on class certification shall be filed by January 15, 2014. The Court shall conduct a hearing on class certification after the matter is fully briefed.

All potentially dispositive motions and supporting briefs and papers must be filed no later than thirty days after the close of discovery.

The undersigned has considered special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master. The parties do not consent to such referral or appointment.

The undersigned agrees to transmit and serve by email all correspondence, pleadings, and items that are required under the Federal Rules of Civil Procedure to be served on the parties, with the exception of enclosures that are incapable of email transmission or are rejected by a party's mail server due to size limitations, which items

7

then can be sent by regular U.S. mail, UPS, or Federal Express. Such email transmissions shall constitute effective service in this action within the meaning of the Federal Rules of Civil Procedure. For purposes of calculating response times under Fed. R. Civ. P. 6, such email transmissions shall have the same effect as service through the federal court's e-filing and e-service system.

Any party may seek to amend any provision of this Joint Rule 26(f) Report for good cause. The jury trial of this action is expected to take approximately 5 days.

This the 13th day of December 2012.

/s/ Jeffrey D. Patton
Jeffrey D. Patton (NC State Bar No. 21246)
R. Scott Adams (NC State Bar No. 36581)
SPILMAN THOMAS & BATTLE, PLLC
110 Oakwood Drive, Suite 500
Winston-Salem, NC 27103
jpatton@spilmanlaw.com
sadams@spilmanlaw.com
Telephone: (336) 725-4710
Facsimile: (336) 725-4476

and

Donald R. Frederico (Special appearance forthcoming)
Clifford H. Ruprecht (Special appearance forthcoming)
PIERCE ATWOOD LLP
100 Summer Street, Suite 2250
Boston, MA 02110
Telephone: (617) 488-8100
dfrederico@pierceatwood.com
cruprecht@pierceatwood.com

*Attorneys for Defendants, TRS Recovery Services, Inc. and Telecheck Services, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**
**CIVIL ACTION NO. 1:12-CV-00999**

| | |
|---|---|
| **JAMIE COOK,**  **Plaintiff,**  v.  **TRS RECOVERY SERVICES, INC. and TELECHECK SERVICES, INC.,**  **Defendants.** | **CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 13th day of December 2012 electronically filed the foregoing ***Defendants' Rule 26(f) Report*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
763 Clyde Morris Blvd., Suite 1-A
Newport News, VA. 23601
lenbennett@clalegal.com

/s/ Jeffrey D. Patton_____
Jeffrey D. Patton (NC State Bar No. 21246)

9